IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GLACIER FILMS (USA), INC.,
and GLACIER FILMS 1, LLC,

     Plaintiffs,

   v.

DANIEL GALLATIN,

     Defendant.

Case No. 3:15-cv-01632-SB

**FINDINGS AND
RECOMMENDATION**

**BECKERMAN, Magistrate Judge.**

   Glacier Films (USA), Inc. ("Glacier Inc.") and Glacier Films 1, LLC ("Glacier LLC") (collectively, "Plaintiffs") bring this action against Daniel Gallatin ("Defendant"), alleging a claim for copyright infringement under the Copyright Act, 17 U.S.C. §§ 101-1332. Plaintiffs now move, pursuant to Federal Rule of Civil Procedure ("Rule") 55(b), for entry of default judgment against Defendant. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338. For the reasons that follow, the district judge should grant Plaintiffs' motion for default judgment (ECF No. 28).

Page 1 - FINDINGS AND RECOMMENDATION

## BACKGROUND

Glacier Inc. is a Delaware corporation that produces motion pictures, including the motion picture *American Heist* (the "Movie"), released in 2015. (First Am. Compl. ¶¶ 4, 6.) Glacier Inc. is the registered copyright holder of the Movie. (First Am. Compl. ¶ 8.) Glacier LLC is a motion picture production company based out of Louisiana. (First Am. Compl. ¶ 5.) Glacier LLC is the registered copyright holder of the screenplay for the Movie. (First Am. Compl. ¶ 9.)

Plaintiffs initiated this action on August 28, 2015, against a Doe defendant known only through an Internet Protocol ("IP") address. (Compl. ¶ 14.) In their initial complaint, Plaintiffs alleged that an individual used the IP address to copy and publish the Movie on August 13, 2015, via the BitTorrent network. (Compl. ¶¶ 14, 16.) During initial discovery, the Internet Service Provider (Comcast) identified Ashley Gallatin of Portland, Oregon, as the subscriber associated with the IP address. (Taylor Decl. ¶ 4.) Defendant is Ashley Gallatin's brother, and he has since "confirmed that he was responsible for the download and distribution of [the Movie] through the BitTorrent network." (Taylor Decl. ¶¶ 5-6; First Am. Compl. ¶ 16.) On December 22, 2015, Plaintiffs filed a First Amended Complaint naming Defendant as the Copyright Act infringer in this action.

Plaintiffs effected service on Defendant on December 30, 2015. ECF No. 19. Defendant did not file an answer within twenty-one days and, after providing Defendant a notice of default dated January 21, 2016, Plaintiffs moved for entry of default, which the clerk entered on March 1, 2016. ECF Nos. 17, 20, 26. Plaintiffs now seek a default judgment permanently enjoining Defendant from engaging in infringing activity and awarding statutory damages in an amount to be determined by the Court.

Page 2 - FINDINGS AND RECOMMENDATION

## LEGAL STANDARDS

Under Rule 55(a), the clerk of court is required to enter an order of default if a party against whom affirmative relief is sought has failed to timely plead or otherwise defend an action. *See* FED. R. CIV. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.") "[U]pon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977) (citations omitted); *see also City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011) ("The entry of a default, while establishing liability, 'is not an admission of damages.'")

Rule 55 provides that, "after the clerk's entry of default against a defendant, a court may enter default judgment against that defendant." *FirstBank P.R. v. Jaymo Properties, LLC*, 379 F. App'x 166, 170 (3d Cir. 2010). "The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In exercising this discretion, courts in this circuit consider the factors articulated in *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986). *See J&J Sport Prods., Inc. v. Salas*, No. 13-cv-05553, 2015 WL 3429153, at *2 (N.D. Cal. May, 27, 2015). The *Eitel* factors are: (1) the possibility of prejudice to Plaintiffs; (2) the merits of Plaintiffs' substantive claims; (3) the sufficiency of the operative complaint; (4) the sum of money at stake in the litigation; (5) the possibility of dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel*, 782 F.2d at 1471-72. The "starting

point" of the court's analysis, however, "is the general rule that default judgments are ordinarily disfavored." *Id*. at 1472 (citation omitted).

## DISCUSSION

To establish a claim of copyright infringement, a "plaintiff must show ownership of the copyright and copying by the defendant." *Fox Broad. Co., Inc. v. Dish Network L.L.C.*, 747 F.3d 1060, 1066-67 (9th Cir. 2013) (quoting *Kelly v. Arriba Soft Corp.*, 336 F.3d 811, 817 (9th Cir. 2003)). The factual allegations set forth in the First Amended Complaint, which must be taken as true upon default, establish these elements in the present case. Additionally, Plaintiffs' counsel represents that Defendant admitted he was responsible for the infringing activity. (Taylor Decl. ¶5; First Am. Compl. ¶ 16.) Accordingly, the Court finds that a judgment of default is appropriate in these circumstances. *See Voltage Pictures, LLC v. Martinez*, No. 3:15-cv-00002-AC, 2015 WL 4772856, at *2 (D. Or. Aug. 11, 2015) (concluding that a judgment of default was appropriate where the factual allegations in the amended complaint, taken as true upon default, established that the two elements of a copyright claim were met, and the defendant admitted responsibility for the infringing activity).

Under the Copyright Act, a plaintiff may elect an award of statutory damages "in a sum of not less than $750 or more than $30,000" per infringement, in lieu of an award representing actual damages. 17 U.S.C. § 504(c)(1). If the Court determines that the "infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2). "[W]hen the infringement is willful, the statutory damages award may be designed to penalize the infringer and to deter future violations." *Nintendo of Am., Inc. v. Dragon Pac. Int'l*, 40 F.3d 1007, 1011 (9th Cir. 1994) (citation omitted). Ultimately,

however, the district court is vested with a considerable amount of discretion in setting the amount of statutory damages. *See id*. at 1010 ("The district court has wide discretion in setting the amount of statutory damages under the Copyright Act."); *Broad. Music, Inc. v. Crocodile Rock Corp.*, No. 14-3891, ---- F. App'x ---- , 2015 WL 6602024, at *1 (3d Cir. Oct. 30, 2015) (explaining that courts "have wide discretion in determining statutory damages," and so long as the "statutory damages award falls within the statute's prescribed limits," any subsequent review "is even more deferential than abuse of discretion").

Taking the allegations in the First Amended Complaint as true, Defendant willfully infringed Plaintiffs' copyright. (First Am Compl. ¶¶ 16, 19); *cf. Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 702 (9th Cir. 2008) ("The district court entered default and Poof concedes that its default occurred with respect to a complaint that pled willfulness. Thus, all factual allegations in the complaint are deemed true, including the allegation of Poof's willful infringement of Andrew's trademarks.") Plaintiffs acknowledge that the actual economic damages suffered as a result of Defendant's infringing activity are highly speculative and incalculable. (Mot. J. & Order at 5.) Plaintiffs are also aware that judges in this district have generally awarded the statutory minimum of $750 in similar cases. *See Martinez*, 2015 WL 4772856, at *2 (so stating in a copyright case brought by Plaintiffs' current counsel). However, Plaintiffs maintain that the statutory damages awarded in this case should be "at least $7,500" because the "awards of minimum damages have had little impact and if anything have been used to minimize the significance of the harm caused by defendants and these proceedings." (Mot. J. & Order at 6.) Plaintiffs also ask the Court to "consider that the defendant willfully disregarded these proceedings indicating a general indifference to the harm cased [sic] by infringers." (Mot. J. & Order at 7.)

Page 5 - FINDINGS AND RECOMMENDATION

The arguments advanced by Plaintiffs in support of a $7,500 statutory damage award are not persuasive. First, Plaintiffs' argument that the statutory minimum $750 damage award has "had little impact" on deterring future violations of the Copyright Act is speculative at best, and presented without any evidentiary support. *Cf. Martinez*, 2015 WL 4772856, at *3 (concluding that the plaintiffs failed to support its claim that the defendant was not deterred by previous damage awards, and noting that the plaintiffs failed to provide evidence they informed the defendant, or the defendant had independent knowledge, of minimum statutory damage awards from similar copyright infringement actions in this district). Contrary to Plaintiffs' speculation, common sense supports a conclusion that a $750 financial penalty for illegal downloading one movie is more than sufficiently punitive to deter others from illegally downloading free movies on the BitTorrent network. With knowledge that it will now cost $750 to watch a single movie on the BitTorrent network, consumers should be motivated instead to spend a few dollars to rent the same movie legally. This Court believes that the problem is not with the magnitude of the damages awarded, but the fact that the general public does not appear to be aware of the dozens of BitTorrent copyright infringement actions filed by Plaintiffs' counsel in this district alone.

Second, the Court declines Plaintiffs' invitation to punish Defendant with a higher damage award because he failed to defend against this action. *See id*. at *3 (collecting cases where courts awarded the $750 statutory minimum, even though the defendants had failed to defend the action). There are many reasons why individuals are choosing not to defend against these BitTorrent copyright infringement actions, including the fact that many of the individuals Plaintiffs have targeted are indigent. The Court is not aware of the reasons why Defendant chose not to appear and present a defense in this case, but notes that some individuals may choose to default merely due to

the cost of federal court litigation, not for any nefarious reason that would support the award of enhanced statutory damages. *See Blazek v. Capital Recovery Assocs., Inc.*, 222 F.R.D. 360, 361 (E.D. Wisc. 2004) ("A defendant may choose to default for any number of reasons including, for example, cost, or, as plaintiff in the present case points out, for reasons of strategy.") (internal citation omitted).[1]

In sum, Plaintiffs have failed to present evidence to demonstrate that the infringing conduct in this action differs from the several other actions in which judges in this district have awarded the minimum statutory damages. Accordingly, the Court recommends a damage award in the amount of $750, because a $750 penalty is sufficient to deter Defendant and others from infringing Plaintiffs' copyright in the future. *See Martinez*, 2015 WL 4772856, at *4 (reaching the same result). The Court further recommends granting Plaintiffs' request to enjoin permanently Defendant from infringing Plaintiff's rights in the Movie, pursuant to 17 U.S.C. § 502(a).

## CONCLUSION

For the foregoing reasons, the district judge should grant Plaintiffs' motion for default judgment (ECF No. 28).

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed,

---

[1] If defendants appear to defend these cases and sustain their burden of proving that the infringement was not willful, the Court has the discretion to reduce the statutory damage award to $200. *See Cobbler Nev. LLC v. Reardon*, No. 3:15-cv-01077-ST, 2015 WL 9239773 (D. Or. Dec. 16, 2015) ("[P]ursuant to 17 U.S.C. § 504(c)(2), the court has discretion to reduce the award to a sum not less than $200 where the 'infringer was not aware and had no reason to believe that his or her acts constituted an infringement of copyright.'")

the Findings and Recommendation will go under advisement on that date. If objections are filed, a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

Dated this <u>12th</u> day of May, 2016.

_____
STACIE F. BECKERMAN
United States Magistrate Judge