# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **GLACIER FILMS (USA), INC.** and **GLACIER FILMS 1, LLC**, <br><br> Plaintiffs, <br><br> v. <br><br> **DANIEL GALLATIN**, <br><br> Defendant. | Case No. 3:15-cv-01632-SB <br><br> **ORDER** |

**Michael H. Simon, District Judge.**

This is an action for copyright infringement under 17 USC §§ 101 *et seq*, against Defendant, Daniel Gallatin, for the unlicensed copying, promotion and distribution of Plaintiffs' motion picture titled *American Heist*. The alleged infringement used the BitTorrent network, a form of peer-to-peer file sharing. Although the original Complaint was filed against an Internet Protocol ("IP") address, Plaintiffs sought and obtained discovery from Internet Service Provider Comcast to identify the IP subscriber associated with the allegedly infringing activity. Plaintiffs then fought and obtained a subpoena pursuant to FRCP 45 for the deposition of the identified non-party IP subscriber in order to identify the user of that IP address. Plaintiffs identified the IP subscriber and discovered that it was the subscriber's brother, Mr. Gallatin, who had downloaded and viewed *American Heist*.

PAGE 1 – ORDER

Mr. Gallatin has been non-responsive to communications from Plaintiff. The Court appointed counsel for Mr. Gallatin, and Mr. Gallatin also was non-responsive to his appointed counsel. The Court terminated the appointment at counsel's request. The Clerk of the Court entered a default as to Mr. Gallatin on March 1, 2016, and on June 2, 2016, the Court entered a Default Judgment in Plaintiffs' favor. The Court mailed a copy of the Default Judgment to Mr. Gallatin, which was returned as undeliverable.

Plaintiffs filed their motion for attorney's fees and a Bill of Costs, which are presently before the Court. No objections were filed against either the cost bill or the attorney's fees sought by Plaintiffs. For the reasons discussed below, Plaintiffs' motion is granted. Plaintiffs' counsel is awarded $1,169 in attorney's fees and $583.50 in costs.

## STANDARDSS

A district court's disposition of a motion for attorney's fees must "provide a reasonably specific explanation for all aspects of a fee determination" in order to allow for "adequate appellate review." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 558 (2010). The preferred method of calculating reasonable attorney's fees is the "lodestar" method. *Id.* at 551-52. This is because "the lodestar method produces an award that *roughly* approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case," is "readily administrable," and is "objective." *Id.* (emphasis in original). Additionally, one purpose of federal fee-shifting statutes is to ensure that a prevailing plaintiff's counsel receive a fee that is "sufficient to induce a capable attorney to undertake the representation of a meritorious . . . case." *Id.* at 552. The lodestar method of calculating attorney's fees "yields a fee that is presumptively sufficient to achieve this objective." *Id.* Although the lodestar calculation results in a presumptively reasonable fee, this fee may be adjusted in certain circumstances. *Id.*

PAGE 2 – ORDER

The lodestar amount is the product of the number of hours reasonably spent on the litigation multiplied by a reasonable hourly rate.[1] *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009). In making this calculation, the district court should take into consideration various factors of reasonableness, including the quality of an attorney's performance, the results obtained, the novelty and complexity of a case, and the special skill and experience of counsel. *See Perdue*, 559 U.S. at 553-54; *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1209 n.11 (9th Cir. 2013).

In determining the number of hours reasonably spent, "the district court should exclude hours 'that are excessive, redundant, or otherwise unnecessary.'" *McCown*, 565 F.3d at 1102 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). The party seeking an award of attorney's fees "has the burden of submitting billing records to establish that the number of hours it has requested [is] reasonable." *Gonzalez*, 729 F.3d at 1202.

After determining the number of hours reasonably spent, the district court then calculates the reasonable hourly rates for the attorneys and paralegals whose work comprise the reasonable number of hours. This calculation yields the lodestar amount. For this purpose, the "'prevailing market rates in the relevant community' set the reasonable hourly rates." *Gonzalez*, 729 F.3d at 1205 (quoting *Dang v. Cross*, 422 F.3d 800, 813 (9th Cir. 2005)). "'Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits.'" *Id.* (quoting *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 454 (9th Cir. 2010)). Within this geographic community, the district court should consider the experience, skill, and reputation of the attorneys or paralegals involved. *Id.*

---

[1] It is "well established that time spent in preparing fee applications" also is compensable. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1210 (9th Cir. 2013) (quoting *Anderson v. Director, OWCP*, 91 F.3d 1322, 1325 (9th Cir. 1996) (quotation marks omitted)).

PAGE 3 – ORDER

In determining reasonable hourly rates, typically "[a]ffidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). In addition, courts in the District of Oregon have the benefit of several billing rate surveys. One useful, albeit somewhat outdated, survey is the Oregon State Bar 2012 Economic Survey ("OSB 2012 Survey"), which contains data on attorney billing rates based on type of practice, geographic area of practice, and years of practice. A copy of the OSB 2012 Survey is available at http://www.osbar.org/_docs/resources/Econsurveys/12EconomicSurvey.pdf (last visited on June 27, 2016).

## DISCUSSION

### A. Attorney's Fees

Plaintiffs seek $1,169.00 in attorney's fees, representing 6.68 hours of work by attorney Drew P. Taylor's, at an hourly rate of $175.00. The Court notes that the pleadings and motions drafted and filed are the same forms used by plaintiffs' attorneys in numerous similar cases filed in this Court. Presumably, correspondence sent to the IP subscriber and Mr. Gallatin also are form letters. Using forms and filling in the appropriate names and dates, with little additional factual information, significantly reduces the reasonable amount of time it should take to complete the required tasks.

The Court has reviewed the billing entries, and although some of the tasks performed appear to have taken slightly longer than the Court would have assumed (*e.g.*, drafting motions for extensions of time and status reports filed on October 13, 2015 and November 30, 2015), the

reported time spent is not so high as to be considered by the Court to be excessive or unnecessary. Accordingly, the Court finds 6.68 hours to be reasonable.[2]

The Court also considers the reasonableness of the proposed $175 per hour rate for Mr. Taylor. Mr. Taylor was admitted to practice in 2013. The median rate in the Portland area for an attorney admitted for 0-3 years listed in the 2012 OSB Survey is $175. The Court finds $175 to be a reasonable hourly rate for Mr. Taylor. *See Cobbler Nevada, LLC v. Reardon*, 2015 WL 9239773, at *4 (D. Or. Dec. 16, 2015) (finding $175 per hour to be a reasonable rate for Mr. Taylor, rather than the $300 per hour he requested).

**B. Costs**

Under 28 U.S.C. § 1920,[3] a federal court may tax specific items as costs against a losing party pursuant to Federal Rule of Civil Procedure 54(d)(1).[4] Rule 54(d)(1) creates a presumption

---

[2] The Court notes that Plaintiffs do not seek fees for the time spent in preparing the motion for attorney's fees.

[3] Section 1920 provides:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation for court-appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under § 1828 of this title.
>
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

PAGE 5 – ORDER

in favor of awarding costs, although the Court has discretion to deny costs. *See Goldberg v. Pac. Indem. Co.*, 627 F.3d 752, 758 (9th Cir. 2010).

Plaintiffs seek costs in the amount of $583.50. This includes the filing fee ($400), fees for service on the IP subscriber and then Mr. Gallatin ($110, plus photocopy fees of $3.50), and fees charged by Comcast for compliance with the subpoena ($70). These fees are permissible under Section1920, and the Court finds them reasonable.

## CONCLUSION

Plaintiffs' motion for attorney's fees (ECF 42) and request for costs (ECF 41) are GRANTED. Plaintiffs are awarded $1,169 for attorney's fees and $583.50 in costs.

**IT IS SO ORDERED.**

DATED this 5th day of July, 2016.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

---

[4] Rule 54(d)(1) provides in relevant part that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."

PAGE 6 – ORDER